IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 26-mc-000149-CNS-KAS

IN RE SUBPOENA TO LINDZEY MARTUCCI COMPANY LLC

LINDZEY MARTUCCI COMPANY LLC,

Petitioner,

v.

AMP PLUS, INC., d/b/a ELCO LIGHTING,

Respondent.

---

**ORDER**

---

**ENTERED BY MAGISTRATE JUDGE KATHRYN A. STARNELLA**

This matter is before the Court on Respondent's **Motion to Transfer Motion to Quash** [#6] (the "Motion"). The Motion [#6] has been referred to the undersigned. *See Memorandum* [#9]. Upon considering the Motion's justifications, the Court has determined that a Response is not necessary to assist the Court in adjudicating the Motion [#6]. *See* D.C.COLO.L.CivR 7.1(d) ("Nothing in this rule precludes a judicial officer from ruling on a motion at any time after it is filed."); *see also Schell v. Amendia, Inc.*, No. 21-mc-00090-PAB-STV, 2021 WL 1541712, at *2 (D. Colo. Apr. 20, 2021) (finding that a similar motion "should promptly be resolved . . . so that the Motion may be efficiently resolved in the appropriate forum"). The Court has reviewed the briefs, the case file, and the applicable law. For the reasons stated below, the Motion [#6] is **GRANTED**.[1]

[1] Courts in this District consider whether to transfer a motion to quash a subpoena to the issuing court a non-dispositive matter. *Schell v. Amendia, Inc.*, No. 21-mc-00090-PAB-STV, 2021 WL 1541712, at *1 n.1 (D. Colo. Apr. 20, 2021); *Weddle v. Williams*, No. 18-mc-00225-RBJ-KLM,

## I. Background

This third-party subpoena action arises from a patent infringement lawsuit pending in the United States District Court for the Central District of California, *AMP Plus, Inc. d/b/a ELCO Lighting, v. Nora Lighting, Inc.*, Case No. 2:24-cv-08460-MWC-BFM (the "Underlying Action"). *Motion to Quash* [#1] at 1-2. The plaintiff in the Underlying Action (and Respondent here), ELCO Lighting, asserts that the defendant, Nora Lighting, engaged in willful patent infringement in connection with its sales of the "Pearl" product line. *Motion* [#6] at 4. Respondent served a subpoena on Lindzey Martucci Company LLC ("LMC"), requiring compliance in the District of Colorado. LMC is an independent sales representative of the defendant that apparently sold the subject Pearl products. *Motion to Quash* [#1] at 5. LMC moved to quash the subpoena, arguing that ELCO is seeking "duplicative information best acquired through party discovery" on the defendant in the Underlying Action. *Motion to Quash* [#1] at 1. ELCO now moves to transfer the Motion to Quash to the Central District of California.

## II. Legal Standard

Federal Rule of Civil Procedure 45(f) provides that a court "may transfer a motion [regarding a Rule 45 subpoena] to the issuing court if the person subject to the subpoena consents or if the court finds exceptional circumstances." LMC does not consent to the Motion's transfer. Therefore, ELCO asserts that exceptional circumstances justify transferring the issue to the Central District of California.

---

2019 WL 1620815, at *1 n.2 (D. Colo. Apr. 15, 2019); *San Juan Cable LLC v. DISH Network LLC*, No. 14-mc-00261-RM-MJW, 2015 WL 500631, at *2 (D. Colo. Jan. 23, 2015).

Because Rule 45 does not define "exceptional circumstances," the Court refers to the Rule's Advisory Committee Notes. The 2013 Advisory Committee Note provides as follows:

> Subpoenas are essential to obtain discovery from nonparties. To protect local nonparties, local resolution of disputes about subpoenas is assured by the limitations of Rule 45(c) and the requirements in Rules 45(d) and (e) that motions be made in the court in which compliance is required under Rule 45(c). But transfer to the court where the action is pending is sometimes warranted.
>
> . . .
>
> The prime concern should be avoiding burdens on local nonparties subject to subpoenas, and it should not be assumed that the issuing court is in a superior position to resolve subpoena-related motions. In some circumstances, however, transfer may be warranted in order to avoid disrupting the issuing court's management of the underlying litigation, as when that court has already ruled on issues presented by the motion or the same issues are likely to arise in discovery in many districts. Transfer is appropriate only if such interests outweigh the interests of the nonparty served with the subpoena in obtaining local resolution of the motion.

FED. R. CIV. P. 45(f) advisory committee's note. "In addition, courts 'must account for the complexity, procedural posture, duration of pendency, and the nature of the issues pending before, or already resolved by, the issuing court in the underlying litigation.'" *Atherton v. Amazon.com, Inc.*, No. 22-mc-00008-RM, 2022 WL 974250, at *1 (D. Colo. Mar. 31, 2022) (quoting *Schell*, 2021 WL 1541712, at *3). The proponent of the transfer bears the burden of showing that exceptional circumstances are present. *Schell*, 2021 WL 1541712, at *3.

## III. Analysis

Here, ELCO argues that the following considerations amount to exceptional circumstances:

- The Underlying Action was filed nearly two years ago, and the September 25, 2026 Fact Discovery Cut-off is less than two weeks away. *Motion* [#6] at 5; *Resp.'s Ex. A, Amended Civil Trial Order* [#6-1].
- The defendant in the Underlying Action filed a Motion to Stay depositions and has "taken the position that it need not participate in fact discovery at all until its pending Rule 12(b)(6) motion is decided."[2]
- ELCO has served subpoenas on three other sales representatives in addition to LMC. *Motion* [#6] at 6; *Resp.'s Ex. B* [#6-2].
- The other three sales representatives have filed similar motions to quash in the Northern District of California, *D.Z. Cook Co. v. AMP Plus, Inc. d/b/a ELCO Lighting,* No. 4:26-mc-80262-ASK (N.D. Cal.); the Southern District of Florida, *Slater Lighting Sales, Inc. v. AMP Plus, Inc. d/b/a ELCO Lighting*, No. 9:26-mc-81009-EA (S.D. Fla.); and the Central District of California, *Porter Lighting Sales Inc. v. AMP Plus, Inc. d/b/a ELCO Lighting,* Case No. 2:26-mc-00077-ODW-BFM (C.D. Cal.).
- The motion to quash filed in the Central District of California has been assigned to the same magistrate judge overseeing discovery in the Underlying Action.

The Court agrees that, on these facts, transfer is appropriate. The duration and nature of the proceedings in the Underlying Action weigh in favor of transfer, given that the case has been pending for nearly two years, has been the subject of two informal

[2] The Court takes judicial notice of the Underlying Action's docket and notes that the presiding District Judge denied the Motion to Stay as moot given its adjudication of the defendant's Motion to Dismiss on September 14, 2026. *See AMP Plus, Inc. d/b/a ELCO Lighting, v. Nora Lighting, Inc.*, Case No. 2:24-cv-08460-MWC-BFM; *see also Cheykaychi v. Geisen*, No. 17-cv-01657-PAB, 2018 WL 6065492, at * 2 n.1 (D. Colo. Nov. 19, 2018) ("The Court may take judicial notice of similar cases filed in other courts.").

discovery conferences so far, and is nearing the end of fact discovery. *See Schell*, 2021 WL 1541712, at *3 (finding transfer appropriate where the issuing court had already conducted five discovery hearings in the underlying action and where the discovery cut-off was only three weeks away). Given the defendant's apparent reluctance to engage in fact discovery during the pendency of its Rule 12(b)(6) motion, the issuing court is in a better position to assess the appropriateness of third-party discovery in light of its management of the underlying litigation.

Additionally, the interest of judicial economy is served by having four motions that turn on the same legal issue adjudicated by the same judicial officer. *Atherton*, 2022 WL 974250, at *1 (finding transfer appropriate where "the circumstances present the prospect of inefficient, duplicative litigation of overlapping and closely similar issues"); *Adderley v. Three Angels Broad. Networks, Inc.*, No. 3:19-MC-00045-NJR, 2019 WL 4204327, at *1 (S.D. Ill. Sept. 5, 2019) ("Transfer under Rule 45(f) 'allows for consolidation of motions in a single appropriate court, thereby avoiding piecemeal litigation in multiple fora as well as piecemeal appeals.'" (quoting *P.H. Glatfelter Co. v. Windward Prospects Ltd.*, 847 F.3d 452, 458 (7th Cir. 2017))). Here, the best positioned judicial officer to make that determination is undoubtedly the one before whom the Underlying Action and one of the four motions to quash are already pending.

Additionally, any burden to the Movant would be minimal. The four Movants are all represented by the same firm as the defendant in the Underlying Action. *Motion* [#6] at 6. The Court sees no reason why any local counsel could not appear before the issuing court remotely. *See Schell*, 2021 WL 1541712, at *5 (minimal burden where presiding judge has conducted hearings telephonically); *Daggett v. Scott*, No. 15-mc-00065-CMA-

MJW, 2015 WL 3407314, at *4 (D. Colo. May 26, 2015) (same). The Magistrate Judge assigned to the Underlying Action conducts informal discovery conferences by Zoom, and the presiding District Judge has already granted leave for a party to appear remotely in the Underlying Action. *See* PROCEDURES OF THE HONORABLE BRIANNA FULLER MIRCHEFF, *Civil Procedures* § 2 (Discovery Motions), https://apps.cacd.uscourts.gov/Jps/honorable-brianna-fuller-mircheff. Finally, Respondent states that any deposition of the Movant's representative would take place in Colorado or remotely, further minimizing any potential burden on the Movant. *Motion* [#6] at 8 n.7.

Although the 2013 Advisory Note provides that "it should not be *assumed* that the issuing court is in a superior position to resolve subpoena-related motions," nothing in the Note suggests that a court may not, after a "*case-specific inquiry*, [find] that the issuing court is, in fact, in a superior position to resolve subpoena-related motions." *Weddle v. Williams*, No. 18-mc-00225-RBJ-KLM, 2019 WL 1620815, at *5 (D. Colo. Apr. 15, 2019) (internal citation and quotations omitted). Here, the above factors definitely establish that this is such a case.

## IV. Conclusion

Based on the foregoing,

IT IS HEREBY **ORDERED** that the Motion [#6] is **GRANTED**. The Clerk of Court shall **TRANSFER** this case to the United States District Court for the Central District of California pursuant to Fed. R. Civ. P. 45(f) and **CLOSE** this case.

IT IS FURTHER **ORDERED** that the Motion Hearing set for October 1, 2026, is hereby **VACATED**.

Dated: September 15, 2026 BY THE COURT:

Kathryn A. Starnella
United States Magistrate Judge